# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EARNEST SCOTT, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 3:21-cv-46 ) Judge Stephanie L. Haines |
| DEPUTY CLOSE, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This is a civil rights case brought under 42 U.S.C. § 1983 by Earnest Scott Jr. ("Plaintiff"), a prisoner incarcerated at SCI-Houtzdale, primarily alleging violations of his rights under the Eighth Amendment relating to conditions of confinement and inadequate medical care. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

## I.  Background

Plaintiff's complaint consists of both a form complaint and a written "original complaint" [Doc. 5]. Reading these documents together, Plaintiff makes allegations against numerous individuals, including Deputy Close, Captain Jones, L.T. Buterbaugh, Nurse Michael Radaker, Corrections Officer Gondek, Sergeant Jones and Unit Manager Kelly. Plaintiff alleges that these individuals deprived him of his "basic human necessities" in various ways. The complaint as a whole raises the following claims: (1) an Eighth Amendment claim for cruel and unusual punishment related to Plaintiff's conditions of confinement; (2) an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs related to his diabetes; (3) a Fourteenth Amendment equal protection claim based on racial harassment; and, (4) a Fourteenth Amendment due process claim related to an alleged theft of Plaintiff's personal property.

On March 24, 2021, Judge Pesto filed a Report and Recommendation recommending that the complaint be dismissed, without leave to amend, as to all of Plaintiff's asserted claims with the exception of the deliberate indifference claim against Radaker, which Judge Pesto recommends also be dismissed, but with leave to amend [Doc. 6]. Judge Pesto found that Plaintiff failed to state a claim upon which relief can be granted as to any claim as asserted, and that amendment would be futile as to all claims except the deliberate indifference claim against Radaker.

After being granted one extension, Plaintiff timely filed objections to the Report and Recommendation on April 5, 2021 [Doc. 10]. Plaintiff specifically objects to the dismissal of his inadequate medical treatment claim against Buterbaugh and Gondek on the ground that he "forgot" to allege that both of those individuals, in addition to Nurse Radaker, were informed that he is diabetic. He also specifically objects to the dismissal of his Eighth Amendment claim against Deputy Close, Captain Jones and Buterbaugh relating to his conditions of confinement. More generally, Plaintiff further objects to the dismissal of his claims without leave to amend, to Judge Pesto's jurisdiction, and to the dismissal of his "state law claim for supplemental jurisdiction."

## II.  Standard

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. In doing so, the Court may accept, reject or modify, in whole or in part, the findings and recommendations made in the report. 28 U.S.C. § 636(b)(1). A district court is not required to make any separate findings or conclusions when reviewing a recommendation de novo under § 636(b). *See Hill v. Barnacle*, 655 F. App'x 142, 148 (3d Cir. 2016).

## III. Discussion

### A. Report and Recommendation [Doc. 6] and Objections [Doc. 10]

Upon de novo review of the record and the Report and Recommendation, and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Pesto in this matter.

Initially, as to Plaintiff's Eighth Amendment claim relating to conditions of confinement, Judge Pesto correctly found that Plaintiff's complaint fails to state a plausible claim that Plaintiff was deprived of any basic human need, such as food, warmth and exercise. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Moreover, because Plaintiff failed to allege any physical injury in connection with his conditions of confinement, he cannot recover compensatory damages for any alleged emotional distress. 42 U.S.C. § 1997e(e). Judge Pesto thoroughly explained in the Report and Recommendation why Plaintiff would not be entitled to any type of damage for this claim, and why amendment to seek other remedies is not available to him, and his analysis in this regard is sound and will be adopted by this Court.

Likewise, Judge Pesto properly found that Plaintiff has failed to state a plausible claim for deliberate indifference against any defendant. Other than Radaker, none of the other named defendants in Plaintiff's complaint are medical personnel. The case law in this Circuit is clear that non-medical defendants cannot be found to be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). Accordingly, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236

3

(3d Cir. 2004). Here, there is nothing in the record to indicate that any non-medical personnel were aware that Plaintiff was being mistreated. Thus, Judge Pesto properly found that Plaintiff has failed to state a claim against any of them for deliberate indifference to a serious medical need.

As to Radaker, Judge Pesto also reasonably found that Plaintiff has failed to state a plausible deliberate indifference claim. As noted, the only relevant allegations that Plaintiff makes are that Radaker knew Plaintiff is diabetic, that Plaintiff said he felt his blood sugar was low, and that he wanted something to eat. These are insufficient to state a plausible claim that Radaker was deliberately indifferent to a serious medical need when Plaintiff described no signs or symptoms of distress that would have alerted Radaker to a need for medical care. Accordingly, Judge Pesto properly found that Plaintiff's complaint fails to state a plausible claim against Radaker for deliberate indifference. Judge Pesto did, however, recommend that Plaintiff be granted leave to amend his Eighth Amendment deliberate indifference claim against Radaker, which might be "fleshed out" with additional factual allegations. This recommendation also will be adopted.

Plaintiff first objects to the dismissal of his inadequate medical treatment claim against Buterbaugh and Gondek on the ground that he "forgot" to allege that both of those individuals, in addition to Radaker, were informed that he is diabetic. This objection will be overruled. In the first instance, Judge Pesto reviewed the complaint as filed, which did not contain any such allegations, and objections to a Report and Recommendation are not designed to permit a litigant to correct deficiencies in the complaint after the fact. In any event, these "forgotten" allegations would have no impact on the analysis. In order to state a plausible deliberate indifference claim against Buterbaugh and Gondek, as non-medical personnel, Plaintiff must do more than allege that those defendants knew he is diabetic – he must allege that they knew he was being <u>mistreated</u>. Plaintiff's complaint makes no such allegation.

4

Plaintiff next objects to the dismissal of his Eighth Amendment claim against Deputy Close, Captain Jones and Buterbaugh relating to his conditions of confinement. However, for the reasons set forth by Judge Pesto, Plaintiff's complaint is insufficient to state a plausible claim relating to conditions of confinement because he was not deprived of any basic human need.

Plaintiff further objects to the dismissal of his claims without leave to amend, to Judge Pesto's jurisdiction, and to the dismissal of his "state law claim for supplemental jurisdiction." These objections also will be overruled. As to amendment, under 28 U.S.C. §1915, a court must grant a plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002); see also *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment). Here, Judge Pesto correctly found, for the reasons set forth in the Report and Recommendation, that amendment of any of Plaintiff's claims, other than the deliberate indifference claim against Radaker, would be futile. In particular, he explained in detail why any attempt to amend Plaintiff's Eighth Amendment conditions of confinement claim would be futile, and his analysis is sound.

Next, Plaintiff objects to Judge Pesto's jurisdiction over this case based on his selection of the district judge option. Under the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D, when a prisoner selects the district judge option, the case is assigned to a District Judge and referred back to the Magistrate Judge for proceedings, with the Magistrate Judge's rulings subject to review by the District Judge. Accordingly, Judge Pesto properly has jurisdiction over this proceeding.

Finally, to the extent Plaintiff objects to the dismissal of his "state law claim for supplemental jurisdiction," his objection is without merit. A review of Plaintiff's complaint, even under the most liberal reading, demonstrates that Plaintiff did not raise any state law claim. All of his claims are based on alleged violations of his constitutional rights under § 1983. Plaintiff makes no mention, in either his form complaint or his written "original complaint," that he is asserting any claim under Pennsylvania state law.

As none of the objections do anything to alter Judge Pesto's findings and conclusions, and otherwise are unavailing, Plaintiff's objections to the Report and Recommendation will be overruled.

**B.     Subsequent Filings**

Since filing his objections to the Report and Recommendation on April 5, 2021, Plaintiff has continuously filed a stream of motions, pleadings and other correspondence, without waiting for a ruling from this Court on the Report and Recommendation, which has served to slow the resolution of this matter considerably. Judge Pesto entered an order [Doc. 14] on May 7, 2021, resolving two of Plaintiff's motions but the filings have continued unabated.

On May 29, 2021, Plaintiff filed a "Third Amended Complaint" [Doc. 15], purportedly pursuant to Judge Pesto's Report and Recommendation. In this proposed complaint, he reasserts his deliberate indifference claim against Radaker while adding Buterbaugh as a defendant to that claim. He also seeks to add two new claims, one against Correct Care Solution under the Fourteenth Amendment for failure to train, supervise and discipline, and a claim for deliberate indifference/cruel and unusual punishment under the Eighth and Fourteenth Amendments against Deputy Close and Captain Jones. This complaint will be dismissed.

First, Plaintiff filed this new complaint before this Court had the opportunity to review

Judge Pesto's Report and Recommendation or consider Plaintiff's objections to that R&R, and therefore was filed prematurely. In addition, Plaintiff's Third Amended Complaint seeks to add a new claim against a new defendant and seeks to amend his claim against Close and Jones. Judge Pesto's Report and Recommendation, which this Court now adopts, recommended that Plaintiff be granted leave to amend *only* his deliberate indifference claim against Radaker, not amend other claims or add new claims. Because Plaintiff's "Third Amended Complaint" was filed prematurely, and in any event fails to comply with the Report and Recommendation, and this Order adopting it, the Third Amended Complaint is a nullity and will be dismissed.

On the same day that Plaintiff filed his Third Amended Complaint, he also filed a document which he entitled a "Memorandum of Law in Support of ~~TRO~~ Preliminary Injunction Motion" [Doc. 16] alleging that he is being retaliated against by officials at SCI-Houtzdale. As this document was received at the same time as his Third Amended Complaint, and Plaintiff never filed a separate motion for a preliminary injunction, the Clerk's Office reasonably docketed this document as a Brief in Support of his Third Amended Complaint, and no further action was taken on it.

On June 9, 2021, Plaintiff filed two more motions: a motion to appoint counsel [Doc. 17] and a motion for an immediate ruling on preliminary injunction [Doc. 19], in which he alleges for the first time that he was sexually assaulted at SCI-Houtzdale and asks for an immediate transfer from the facility. These motions will be denied.

First, Plaintiff has never properly filed a motion for a preliminary injunction and his motion for an immediate ruling on such a motion is moot. Moreover, Plaintiff cannot raise in a "memorandum of law" an entirely new allegation that has nothing at all to do with the claims raised in his original complaint, the only complaint that is operative at this time. If Plaintiff wants

7

to raise a claim relating to an alleged sexual assault, he will need to file a new complaint in a new case.

Next, the appointment of counsel under 28 U.S.C. § 1915(e)(1) is not warranted at this time as Plaintiff has failed to allege or establish any of the relevant factors necessary to justify the appointment of counsel at this stage of the proceedings. *See Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). Moreover, Local Civil Rule 10.C provides that, absent special circumstances, no motion for the appointment of counsel will be granted until after dispositive motions have been resolved. There are no special circumstances present at this time which would permit the appointment of counsel under the Local Rules at this stage of the litigation, which has not even yet advanced beyond the screening stage.

On June 10 and 11, 2021, the Court received three additional documents from Plaintiff. The first of these he captioned a proposed "order to show cause for a preliminary injunction" [Doc. 20], directing Radaker, Jones and Close to appear for a hearing on his request for an injunction enjoining any of those defendants from having any contact with him. Also received were two letters, one directed to the Clerk's Office [Doc. 21] inquiring as to why his "motion for an order to show cause for a preliminary injunction" was docketed as a brief in support of his Third Amended Complaint,[1] and the second letter directed to this member of the Court [Doc. 22] complaining that his "motion for preliminary injunction" was incorrectly docketed as a brief. Enclosed with this letter was a copy of his proposed order to show cause for preliminary injunction [Doc. 20], which in the letter he indicates he is submitting because he was sexually assaulted.[2]

---

[1] This is the document Plaintiff captioned "Memorandum of Law in Support of ~~TRO~~ Preliminary Injunction Motion" [Doc. 16].

[2] The Court notes that the proposed "order to show cause for preliminary injunction" makes no mention of Plaintiff being sexually assaulted, but refers only to "ongoing retaliation" [Doc. 20].

On June 21, 2021, Plaintiff filed yet another motion, this one requesting a change of venue to the Middle or Eastern District of Pennsylvania, or, alternatively, the recusal of Judge Pesto [Doc. 23]. In this motion, Plaintiff again takes the Clerk's Office to task for docketing a "memorandum of law" as a "brief" instead of a motion, as he alleges he intended,[3] and insinuates that the clerk who docketed the motion may "know someone" from SCI-Houtzdale and that the "whole court" may be playing "devil's advocate" for that facility. He further reports that his "investigation" has uncovered that Judge Pesto "may" have been a guard at SCI-Houtzdale or worked for the Department of Corrections. Plaintiff's latest motion has no basis in fact or law and will be denied.

As to venue, this is a § 1983 action. Because § 1983 contains no specific venue provision, the general venue requirements of 28 U.S.C. § 1391 are applicable to this suit. *See Urrutia v. Harrisburg County Police Department*, 91 F.3d 451, 462 (3d Cir.1996); *Parks v. SCI-Camp Hill*, Civil Action No. 18-1205, 2018 WL 7269792, at * 2 (W.D. Pa. Nov. 23, 2018). Here, Plaintiff does not allege that venue is not proper in the Western District of Pennsylvania, and, in fact, it is. This is the district within which SCI-Houtzdale is located, the district in which all of the events or omissions giving rise to Plaintiff's asserted claims occurred, and likely is the district in which most or all of the defendants reside. *See* 28 U.S.C. § 1391(b). Conversely, Plaintiff has made no attempt to show that venue would be proper in either the Middle or Eastern District of Pennsylvania. Accordingly, his motion to change venue will be denied.

---

[3] It should be strongly emphasized here that the task of the Clerk's Office is to file a document as submitted. If that document is submitted as a "memorandum," as Plaintiff's document clearly was captioned, then it is to be docketed as either a "brief" or a "memorandum." To repeat, the document at issue was captioned *by Plaintiff* precisely as "Memorandum of Law in Support of ⸺TRO⸺ Preliminary Injunction Motion." It certainly was <u>not</u>, as Plaintiff now insists, captioned as a motion. It is not the responsibility or obligation of the Clerk's Office to peruse a document submitted by a pro se litigant and try to read his mind as to what that litigant "intended" the document to be. In addition, because the document was submitted with Plaintiff's Third Amended Complaint, and not with a preliminary injunction motion, it was not unreasonable for the Clerk's Office to link it with the document filed along with it.

Plaintiff's motion for the recusal of Judge Pesto also has no merit. By statute, recusal is required when a judge's impartiality "might reasonably be questioned," 28 U.S.C. § 455(a), or "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). The test for recusal is an objective one and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The bias required before recusal is warranted under § 455 "must stem from an extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 544, 554, (1994).

Here, Plaintiff's sole basis for seeking the disqualification of Judge Pesto is that his own "investigation" revealed that Judge Pesto "may" have been a guard at SCI-Houtzdale or for the Pennsylvania Department of Corrections. This allegation is unfounded and untrue, and is insufficient to warrant recusal. Instead, Plaintiff's allegations appear to have no basis other than his displeasure with Judge Pesto's Report and Recommendation, and the way in which his copious submissions have been handled by the Clerk's Office. Such allegations do not form an adequate basis for recusal, as "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *In re Brown*, 696 F. App'x 600, 601 (3d Cir. 2017) (quoting *Liteky*, 510 U.S. at 555). Plaintiff's wholly unsubstantiated accusations against Judge Pesto do not merit recusal, and to the extent his motion seeks recusal in the alternative to transfer, it also will be denied. *See, e.g., Williams v. Wetzel*, No. 2:16-CV-01233, 2017 WL 2936744, at *2 (W.D. Pa. July 10, 2017) (denying recusal based on unsubstantiated allegations regarding Magistrate Judge and her supposed relationship to defendants).

## IV.    Conclusion

Plaintiff's complaint fails to state any claim upon which relief can be granted. With the exception of Plaintiff's Eighth Amendment claim for deliberate indifference against Radaker, amendment of any of the other claims would be futile, and those claims all will be dismissed with prejudice. The Court will grant Plaintiff leave to amend <u>only</u> the Eighth Amendment deliberate indifference claim against Radaker in order to provide Plaintiff an opportunity to cure the deficiencies in that claim identified herein.

All of Plaintiff's remaining motions filed after Judge Pesto submitted his Report and Recommendation will be denied. Plaintiff's "Third Amended Complaint" also will be dismissed as it was prematurely filed and does not comply with either Judge Pesto's Report and Recommendation or this Order.

Accordingly, the following order is entered:

## ORDER OF COURT

AND NOW, this 28th day of June, 2021, IT IS ORDERED that Plaintiff's objections [Doc. 10] to the Magistrate Judge's Report and Recommendation [Doc. 6], hereby are **overruled**; and,

IT FURTHER IS ORDERED, for the reasons set forth in the Magistrate Judge's Report and Recommendation [Doc. 6], which hereby is adopted as the opinion of the Court, that this action is **dismissed with prejudice** without leave to amend, as to all claims asserted in Plaintiff's complaint, with the exception of Plaintiff's Eighth Amendment deliberate indifference claim against Radaker, which also is dismissed, but without prejudice; and,

IT FURTHER IS ORDERED that Plaintiff hereby is granted leave to file an amended complaint that complies with the Federal Rules of Civil Procedure and cures the deficiencies

identified in this Memorandum and Order. Leave to amend the complaint is granted <u>only</u> as to Plaintiff's Eighth Amendment claim against Radaker for deliberate indifference to a serious medical need. **The Court will not consider any claim that has been dismissed with prejudice herein nor any other unrelated claim that Plaintiff seeks to raise for the first time.** Plaintiff's amended complaint shall be filed no later than **July 26, 2021**. Plaintiff is advised that the failure to timely file an amended complaint will subject this case to dismissal for failure to prosecute; and

IT FURTHER IS ORDERED that Plaintiff's "Third Amended Complaint" [Doc. 15] hereby is **dismissed with prejudice** as prematurely filed and as being non-compliant with the Report and Recommendation and this Order adopting it; and,

IT FURTHER IS ORDERED that Plaintiff's motion to appoint counsel [Doc. 17] hereby is **denied**; and,

IT FURTHER IS ORDERED that Plaintiff's motion for immediate ruling on preliminary injunction [Doc. 19] hereby is **denied**: and,

IT FURTHER IS ORDERED that Plaintiff's motion to change venue, or, alternatively, motion to recuse Judge Pesto [Doc. 23] hereby is **denied**.

*[Signature]*
Stephanie L. Haines
United States District Judge